IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANG BEE YANG, an individual; and LAU YANG, an individual,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>SUN TRUST MORTGAGE, INC., a VIRGINIA CORPORATION; and DOES 1 through 25, inclusive,<br><br>　　　　　Defendant. | 1:10-CV-01541 AWI SKO<br><br>ORDER GRANTING DEFENDANT'S MOTION TO DISMISS<br><br>[Doc. #8] |

## INTRODUCTION

On August 25, 2010, Plaintiffs Chang Bee Yang and Lau Yang filed a Complaint against Defendant SunTrust Mortgage, Inc.[1] In the Complaint, Plaintiffs allege twenty-three separate causes of action against Defendant, which relate to a Residential Construction Loan Agreement ("RCLA") entered into between Plaintiffs and Defendant. Defendant moves to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. For the reasons that follow, the motion will be granted.

## LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6)**,** a claim may be dismissed because of the plaintiff's "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A dismissal under Rule 12(b)(6) may be based on the lack of a cognizable legal theory or on the absence of sufficient facts alleged under a cognizable legal theory. Johnson v. Riverside

---

[1] Defendant was erroneously sued as Sun Trust Mortgage, Inc.

Healthcare Sys., 534 F.3d 1116, 1121 (9th Cir. 2008); Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001).  In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the non-moving party.  Marceau v. Blackfeet Hous. Auth., 540 F.3d 916, 919 (9th Cir. 2008); Vignolo v. Miller, 120 F.3d 1075, 1077 (9th Cir. 1999).  The Court is not required "to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences."  In re Gilead Scis. Sec. Litig., 536 F.3d 1049, 1056-57 (9th Cir. 2008); Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001).  As the Supreme Court has explained:

> While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).

Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007).

To avoid a Rule 12(b)(6) dismissal, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face[.]"  Telesaurus VPC, LLC v. Power, 623 F.3d 998, 1003 (9th Cir. 2010) (citations omitted).  "In sum, for a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief."  Moss v. United States Secret Serv., 572 F.3d 962, 969 (9th Cir. 2009).

If a Rule 12(b)(6) motion to dismiss is granted, "[the] district court should grant leave to amend even if no request to amend the pleading was made, unless it determines that the pleading could not possibly be cured by the allegation of other facts."  Doe v. United States, 58 F.3d 494, 497 (9th Cir. 1995).  In other words, leave to amend need not be granted when amendment would be futile.  Gompper v. VISX, Inc., 298 F.3d 893, 898 (9th Cir. 2002).

**ALLEGED FACTS**

On December 16, 2006, Plaintiffs and Defendant entered into a RCLA.  Complaint at ¶ 8.  Under the RCLA, Defendant agreed to loan Plaintiffs $742,450.00 in order to purchase real

property located at 10966 E. Promontory Way, Clovis CA, 93619.  Id. at ¶¶ 8-9.  Plaintiffs used $200,000.00 of the loan money to purchase the lot and the remaining $542,450.00 for construction.  Id. at ¶ 11.  Plaintiffs hired Sierra Custom Homes Inc. ("Contractor") to construct the residential home on the property.  Id. at ¶ 10.

Pursuant to the RCLA, the loan proceeds were to be deposited into an account held by Defendant and advanced to Contractor when Contractor reached stages of completed work.  Id. at ¶ 12.  According to the RCLA, Plaintiffs were to supervise Contractor and inform Defendant about Contractor's need for monies.  Id.

Paragraph 7 of the RCLA granted Defendant "Power-of-Attorney" and allowed Defendant to make payments directly to Contractor.  Id. at ¶ 13.  Defendant hired an appraiser to evaluate and inspect Contractor's work on the project and each of Contractor's draw requests.  Id. at ¶ 16.  Contractor made fifteen total draw requests.  Id. at ¶ 17.  Each draw request was paid by Defendant without Plaintiffs' authorization or approval.  Id.  Subsequently, Contractor failed to complete work paid by Defendant.  Id. at ¶ 18.

## DISCUSSION

A.   Breach of Contract

1.   Causes of Action 1-3 and 5-13

In Causes of Action 1-3 and 5-13, Plaintiffs allege that Defendant breached the RCLA by failing to complete, provide and maintain valid inspection reports for the Contractor's numerous draw requests.  Complaint at ¶¶ 21, 26, 31, 41, 46, 51, 56, 61, 66, 71, 76, 81.  Defendant contends that the RCLA did not impose an affirmative duty to complete, provide and maintain inspection reports.  Motion at 5:15-16.

"When ruling on a Rule 12(b)(6) motion to dismiss, if a district court considers evidence outside the pleadings, it must normally convert the motion into a Rule 56 motion for summary judgment[.]"  United States v. Ritchie, 342 F.3d 903, 907 (9th Cir. 2003).  "A court may, however, consider certain materials-documents attached to the complaint, documents incorporated

3

by reference in the complaint, or matters of judicial notice-without converting the motion to dismiss into a motion for summary judgment." Id. at 908. In this case, Plaintiffs have attached the RCLA to their Complaint and incorporated the document by reference. Complaint at ¶ 8 and Complaint at Exhibit A. Therefore, the Court will consider the RCLA in ruling on Defendant's Motion to Dismiss.

In California, "[a] cause of action for breach of contract requires proof of the following elements: (1) existence of the contract; (2) plaintiff's performance or excuse for nonperformance; (3) defendant's breach; and (4) damages to plaintiff as a result of the breach." Williams v. Bank of Am., No. 2:09-CV-3060-JAM-KJM, 2010 WL 3034197, at *4 (E.D. Cal. Jul. 30, 2010) (quoting CDF Firefighters v. Maldonado, 158 Cal. App. 4th 1226, 1239 (2008)).

In their opposition, Plaintiffs state that the purpose of the agreement with Defendant "was to provide funds at certain times to Contractor in order to facilitate construction of the project in accordance with the specific terms of the [RCLA] set forth in Paragraph 2." Opposition at 6:9-11. Plaintiffs state that "[i]mplicit in the [RCLA], therefore, is the obligation on behalf of the party disbursing those funds, to review the draw requests submitted by Contractor, then complete, provide and maintain a valid inspection report before disbursing those funds." Id. at 6:11-13. Therefore, Plaintiffs contend that Defendant's breached the contract because Defendant "wantonly disbursed the funds of the Agreement without inspecting the draw requests." Id. at 6:14-15.

Plaintiffs cite to Paragraph 2 of the RCLA in their opposition, which provides that "[t]he advances shall be delivered by [Defendant] based upon progress made in the Work, in such amounts and at such times as [Defendant], in its discretion, determines as being reasonable based upon inspections made from time to time by [Defendant] or its agent." Id. at 6:17-20. However, this provision of the RCLA does not require Defendant to inspect the project or require Defendant to complete, provide and maintain valid inspection reports for the Contractor's draw requests. On the contrary, Paragraph 5 of the RCLA states:

> 5. **Right of inspection.** [Plaintiffs] shall furnish [Defendant] with a complete

> duplicate set of Plans and Specifications.[2] [Defendant] has the right, *but not the obligation*, during construction of the Improvements, to inspect the same and require to be repaired or replaced, at [Plaintiffs'] expense, any material or workmanship that does not comply with the Plans and Specifications. Such inspections shall be deemed to be for the benefit of [Defendant] only and shall create no liability or responsibility to any person or entity. The parties expressly acknowledge that [Defendant] has no obligation to monitor or control the Work. [Defendant] *may* inspect the Property at any reasonable time to determine the progress and quality of the Work and the condition of the Improvements.

(Doc 1-2 at 5.) Paragraph 5 of the RCLA explicitly states that Defendant has no obligation to inspect the Contractor's work and that Defendant has no obligation to monitor or control the Contractor's work. Therefore, Plaintiffs cannot state a claim for breach of contract based on Defendant's failure to complete, provide and maintain valid inspection reports. Accordingly, Defendant's Motion to Dismiss causes of action 1-3 and 5-13 is GRANTED. Since amendment would be futile, dismissal is with prejudice and without leave to amend.

### 2. Cause of Action 4

In cause of action 4, Plaintiffs allege that Defendant breached the RCLA by failing to perform an inspection. Complaint at ¶ 36. Specifically, Plaintiffs allege that the "Inspection report dated July 12, 2007, represents that the Exterior Trim and Prime coat, and the Septic Well, and Tap Fees are one hundred percent (100%) complete. However, the work represented and signed as complete by the Appraiser was not, in fact, completed." Id.

As explained above, the RCLA clearly states that Defendant has no obligation to perform inspections. (Doc 1-2 at 5.) Accordingly, Defendant's Motion to Dismiss cause of action 4 is GRANTED with prejudice and without leave to amend.

### 3. Cause of Action 14

In cause of action 14, Plaintiffs allege that Defendant breached the RCLA by overpaying the Contractor. Complaint at ¶ 87. Plaintiffs allege that Defendant paid Contractor "an amount

---

[2] "Plans and Specifications" is defined under the RCLA as "the plans and specifications agreed upon by Contractor and [Plaintiffs] and approved by [Defendant]." (Doc. 1-2 at 1.)

5

equal to approximately ninety-six percent (96%) of the Project cost when only approximately seventy-five percent (75%) of the Project was actually complete." Id. However, Plaintiffs have not alleged in their Complaint how this breaches the RCLA. Therefore, Plaintiffs have failed to state a claim for cause of action 14. Accordingly, Defendant's Motion to Dismiss cause of action 14 is GRANTED. Dismissal is without prejudice and with leave to amend.

    4.  Cause of Action 15

In cause of action 15, Plaintiffs allege that Defendant breached the RCLA by failing to provide Plaintiffs with copies of all draw requests and inspection reports for work done by the Contractor. Complaint at ¶ 92. As stated above, Defendant was not required to perform inspections under the RCLA or produce inspection reports. Furthermore, Plaintiffs have not alleged how the RCLA is violated by Defendant failing to provide Plaintiffs with the Contractor's draw requests. Therefore, Plaintiffs have not stated a claim for cause of action 15. Accordingly, Defendant's Motion to Dismiss cause of action 15 is GRANTED. Plaintiffs are granted leave to amend in order to allege how the RCLA is breached by Defendant failing to provide copies of the Contractor's draw requests.

    5.  Cause of Action 16

In cause of action 16, Plaintiffs allege that Defendant breached the RCLA by failing to account for Plaintiffs' initial deposit to Contractor as part of the Final Closing Statement. Complaint at ¶ 97. However, Plaintiffs have failed to allege how this breaches the RCLA. Therefore, Plaintiffs have failed to state a claim for cause of action 16. Accordingly, Defendant's Motion to Dismiss cause of action 16 is GRANTED without prejudice and with leave to amend.

  B.  Breach of the Implied Covenant of Good Faith and Fair Dealing

In cause of action 17, Plaintiffs allege that Defendant breached the implied covenant of good faith and fair dealing by failing to inspect the project and by failing to complete, provide and maintain inspection reports. Id. at ¶ 102. Plaintiffs further allege that Defendant violated the implied covenant of good faith and fair dealing by committing fraud upon Plaintiffs by and

6

through the inspection reports.  Id.

"There is an implied covenant of good faith and fair dealing in every contract that neither party will do anything which will injure the right of the other to receive the benefits of the agreement."  Agosta v. Astor, 120 Cal. App. 4th 596, 607 (2004).  The covenant "cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of the agreement."  Id.  Therefore, "[t]he implied covenant of good faith and fair dealing is limited to assuring compliance with the express terms of the contract, and cannot be extended to create obligations not contemplated by the contract."  Pasadena Live, LLC v. City of Pasadena, 114 Cal. App. 4th 1089, 1094 (2004).

As discussed above, the RCLA did not impose an affirmative obligation on Defendant to perform inspections or provide inspection reports.  Therefore, Plaintiffs cannot state a claim for breach of the implied covenant of good faith and fair dealing based on Defendant's failure to inspect or provide inspection reports.  Accordingly, Defendant's Motion to Dismiss cause of action 17 is GRANTED with prejudice and without leave to amend.

### C. Declaratory Relief

In cause of action 18, Plaintiff requests declaratory relief, alleging that Plaintiffs "have been forced to incur fees and costs to properly complete the Project . . . as a direct result of the breach of the Agreement" between Plaintiffs and Defendant.  Complaint at ¶ 106.  Plaintiffs allege that an actual controversy exists between Plaintiffs and Defendant regarding the duties and responsibilities that Defendant owes to Plaintiffs under the RCLA.  Id. at ¶ 107.

"The existence of an actual controversy relating to the legal rights and duties of the respective parties, suffices to maintain an action for declaratory relief."  McClain v. Octagon Plaza, LLC, 159 Cal. App. 4th 784, 800 (2008).  "Declaratory relief operates prospectively to declare future rights, rather than to redress past wrongs."  Canova v. Trustees of Imperial Irrigation Dist. Emp. Pension Plan, 150 Cal. App. 4th 1487, 1497 (2007).  Therefore, "[w]here there is an accrued cause of action for a past breach of contract or other wrong, declaratory relief

7

is inappropriate." Ferrari v. U.S. Bank, N.A., et al., No. C 09-2908 PJH, 2009 WL 3353028, at *4 (N.D. Cal. Oct. 16, 2009) (citing Canova, 150 Cal. App. 4th at 1497).

Plaintiffs' cause of action for declaratory relief fails because they seek to redress past wrongs rather than a declaration as to future rights. Plaintiffs are alleging a breach of the RCLA and thus have an accrued cause of action for a past breach of contract. Therefore, declaratory relief is inappropriate. Accordingly, Defendant's Motion to Dismiss cause of action 18 is GRANTED with prejudice and without leave to amend.

D.   Breach of Fiduciary Duty

In cause of action 19, Plaintiffs allege that Defendant owed Plaintiffs a fiduciary duty because Defendant was granted "Power-of-Attorney" in Paragraph 7 of the RCLA. Complaint at ¶ 109. Plaintiffs allege that Defendant breached its fiduciary duty by failing to inspect the Project and by failing to complete, provide and maintain inspection reports. Complaint at ¶ 110. Plaintiffs further allege that Defendant breached its fiduciary duty by committing fraud against Plaintiffs by disbursing funds to Contractor without proper inspection of the Project. Id. Defendant contends that it did not owe Plaintiffs a fiduciary duty because the Power-of-Attorney was expressly described as a "power coupled with an interest." Motion at 11:8-9.

In order to plead a cause of action for breach of fiduciary duty under California law, "there must be shown the existence of a fiduciary relationship, its breach, and damage proximately caused by that breach. The absence of any one of these elements is fatal to the cause of action." Spencer v. DHI Mortg. Co., Ltd., 642 F. Supp. 1153, 1162-63 (E.D. Cal. 2009) (quoting Pierce v. Lyman, 1 Cal. App. 4th 1093, 1101 (1991)).

The First District, Court of Appeal has recently clarified what is a power coupled with an interest in Bonfigli v. Strachan, No. A125924, 2011 WL 628652, at *4 (Cal. App. 1 Dist. Feb. 23, 2011). The court stated:

> A power coupled with an interest is a power which accompanies, or is connected with, an interest. The power and the interest are united in the same person. Such a power is irrevocable if there is a coexisting interest in the subject of the agency. The agency must

> be created for the benefit of the agent in order to protect some title or right in the subject of the agency or secure some performance to him.
>
> Because the purpose of a power coupled with an interest is to protect the *agent's* interest in the subject and its value, this kind of power of attorney is not an agency as that term is commonly understood. Rather, the creator of the power relinquishes irrevocably any authority to direct the attorney-in-fact who is permitted, under such an arrangement, to act solely in his own interests. As is explained in Restatement Third of Agency, section 3.12, comment b, page 247, a power given as security does not create a relationship of agency . . . because it is neither given for, nor exercised for, the benefit of the person who creates it. The holder is not subject to the creator's control and the holder *does not owe fiduciary duties to the creator.*

Id. (internal quotation marks and citations omitted; emphasis added).

In Bonfigli, real estate developers ("developers") held an option to buy plaintiffs' real property. Id. at *1. In connection with the option, plaintiffs granted developers power of attorney coupled with an interest, which gave developers the right to carry out development activities concerning plaintiffs' real property. Id. at *4.

The court concluded that the interest with which the developers' power of attorney was coupled with was the option to purchase plaintiffs' real property. Id. at *4. The court stated that the power of attorney gave developers the "power to use the land to develop the project" and that "the interest being protected is the right to purchase the property at a specified price; and the value of that interest was secured by [developers'] ability to control the property for development purposes." Id. Therefore, the court stated that the power of attorney placed "in their hands the means of preserving the value of their option." Id. at *5.

Here, Plaintiffs entered into the RCLA with Defendant. The RCLA was secured by a Deed of Trust and was recorded in Fresno County as Document No. 2007-0004935 on January 10, 2007.[3] In Paragraph 7 of the RCLA, Plaintiffs appoint Defendant as "attorney-in fact." (Doc 1-3 at 1.) Specifically, Paragraph 7 states that Plaintiffs "irrevocably authorize and empower

---

[3] In connection with their Motion to Dismiss, Defendant filed a Request for Judicial Notice, asking the Court to take judicial notice of the aforementioned Deed of Trust. (Doc. 9.) A Court may take judicial notice of matters of public record. Lee v. City of Los Angeles, 250 F.3d 668, 688-89 (9th Cir. 2001). The Deed of Trust was recorded in the Official Records of the Fresno County Recorder's Office as Document No. 2007-0004935. Therefore, judicial notice of this document is taken.

[Defendant] to do and perform . . .all actions which [Defendant] may in its judgment deem necessary and proper to be done to effect the construction of said Improvements,[4] . . . which [Defendant] may in its sole discretion deem necessary to *protect its interest or security*." (Doc 1-3 at 1.)  Further, Paragraph 7 of the RCLA explicitly states that the "Powers-of-Attorney contained herein shall be a power coupled with an interest."  Id.

Defendant was granted by Plaintiffs an irrevocable power over the construction of Plaintiffs' residence in order to protect Defendant's own interest.  Defendant is a creditor whose interest is secured by the value of the real property.  The value of the real property in question is dependent upon the construction of Plaintiffs' residence.  If the residence is poorly built or unfinished, then the value of the real property would be less than the loan amount that is owed to Defendant.  This is evidenced by the fact that Plaintiff used only $200,000.00 of the loan to purchase the lot, which is approximately twenty-seven percent of the total loan amount.  Thus, Defendant was granted the power over the construction of Plaintiffs' residence in order to ensure that the value of the real property remains equal to or above the loan amount.

Since Defendant was granted a power of attorney coupled with an interest, it owed no fiduciary duties to Plaintiffs.  Therefore, Plaintiffs cannot state a claim for breach of fiduciary duty.  Accordingly, Defendant's Motion to Dismiss cause of action 19 is GRANTED with prejudice and without leave to amend.

E.   Negligence

In cause of action 20 for negligence, Plaintiffs allege that Defendant breached various duties owed to Plaintiffs.  Complaint at ¶¶ 113-16.  Plaintiffs allege that as a result of Defendant's breaches they suffered damages in excess of $75,000.  Id. at ¶ 117.  Defendant contends that Plaintiffs' negligence claim is barred by the economic loss rule.  Motion at 14:3.

"[P]laintiffs may recover in tort for physical injury to person or property, but not for purely

---

[4]   "Improvements" is defined under the RCLA as "the improvements made to a residence or new construction of a residence."  (Doc 1-2 at 1.)

10

1  economic losses that may be recovered in a contract action." San Francisco Unified Sch. Dist. v.
2  W.R. Grace & Co., 37 Cal. App. 4th 1318, 1327 (1995).  "In California, plaintiffs may seek
3  remedies for strict liability and negligence only for physical injury to person or property, and not
4  for pure economic losses." Cal. Dept. of Toxic Substances v. Payless Cleaners, 368 F. Supp. 2d
5  1069, 1084 (E.D. Cal. 2005).  "Therefore, unless physical injury occurs, a plaintiff cannot state a
6  cause of action for strict liability or negligence." Id.

7  Since Plaintiffs allege only economic damages, they cannot state a claim for negligence.
8  Accordingly, Defendant's Motion to Dismiss cause of action 20 is GRANTED without prejudice
9  and with leave to amend.

10  F. Fraud and Negligent Misrepresentation

11  In causes of action 21 and 23, Plaintiff alleges claims for fraud and negligent
12  misrepresentation.  Defendant contends that Plaintiff's fraud and negligent misrepresentation
13  claims have not been pled with the requisite specificity.  Motion at 16:1.

14  In California, the elements of fraud are (1) misrepresentation (false representation,
15  concealment, or nondisclosure); (2) knowledge of falsity (or scienter); (3) intent to defraud, i.e., to
16  induce reliance; (d) justifiable reliance; and (5) resulting damage. Lazar v. Superior Court, 12
17  Cal. 4th 631, 638 (1996).  "The same elements comprise a cause of action for negligent
18  misrepresentation, except there is no requirement of intent to induce reliance." Cadlo v. Owens-
19  Illinois, Inc., 125 Cal. App. 4th 512, 519 (2004).

20  Under the heightened pleading standard of Rule 9(b) of the Federal Rules of Civil
21  Procedure, "a party must state with particularity the circumstances constituting the fraud."  A
22  plaintiff must include the "who, what, when, where, and how" of the fraud. Vess v. Ciba-Geigy
23  Corp. USA, 317 F.3d 1097, 1106 (9th Cir. 2003).  "Negligent misrepresentation 'sounds in fraud'
24  and thus is also subject to these heightened pleading standards." Robinson v. Wachovia Mortg.,
25  No. CIV. 2:10-3014 WBS GGH, 2011 WL 338502, at *3 (E.D. Cal. Jan. 31, 2011).

26  Here, Plaintiffs' allegations are not stated with the requisite particularity.  Plaintiffs merely

27

28                                                    11

allege that Defendant misrepresented to Plaintiffs the Contractor's progress in their Updated Disbursement Summaries, which included the Draw Requests and Inspection Reports. Complaint at ¶¶ 119, 133. This allegation does not meet the "who, what when, where and how" requirement of Rule 9(b). Accordingly, Defendant's Motion to Dismiss causes of action 21 and 23 is GRANTED without prejudice and with leave to amend.

      G.    RESPA

In cause of action 22, Plaintiffs allege that Defendant violated the Real Estate Settlement Procedures Act ("RESPA"). RESPA regulates "federally regulated mortgage loans," which specifically excludes "temporary financing such as a construction loan." See 12 U.S.C. § 2602(1). Plaintiffs allege RESPA violations with respect to the construction loan they obtained from Defendant. Complaint at ¶ 8. Therefore, RESPA does not apply to this case. Accordingly, Defendant's Motion to Dismiss cause of action 20 is GRANTED with prejudice and without leave to amend.

**CONCLUSION**

IT IS HEREBY ORDERED that Defendant's Motion to Dismiss Plaintiff's Complaint is GRANTED. Causes of Action 1-13, 17-19 and 22 are dismissed with prejudice and without leave to amend. Causes of Action 14-16, 20-21 and 23 are dismissed without prejudice and with leave to amend. Plaintiffs have thirty (30) days to file an Amended Complaint consistent with this order.

IT IS SO ORDERED.

Dated:   March 15, 2011

CHIEF UNITED STATES DISTRICT JUDGE

12