1
2
3
4
5
6
7
8

# UNITED STATES DISTRICT COURT

9

### EASTERN DISTRICT OF CALIFORNIA

10

11  CHANG BEE YANG and LAU YANG,          CASE NO. 1:10-cv-01541-AWI-SKO

12                                        **ORDER GRANTING PLAINTIFFS'**
                    Plaintiffs,           **MOTION TO AMEND**

13
          v.
14
    SUN TRUST MORTGAGE, INC., A           (Docket No. 27)
15  Virginia corporation; Does 1 through 25,

16
                    Defendants.
17
    _____/
18

19                          **I.   INTRODUCTION**

20          Plaintiffs Change Bee Yang and Lau Yang ("Plaintiffs") filed a complaint against Defendant

21  SunTrust Mortgage, Inc. ("Defendant" or "SunTrust") on August 25, 2010, alleging twenty-three

22  separate causes of action which relate to a Residential Construction Loan Agreement ("RCLA")

23  entered into between Plaintiffs and Defendant.  (Doc. 1).

24          Plaintiffs and Defendant entered into the RCLA on December 16, 2006.  (Doc. 1, ¶ 8.)  Under

25  the RCLA, Defendant agreed to loan Plaintiffs $742,450 to purchase real property located at 10966

26  E. Promontory Way, Clovis, California, 93619.  (Doc. 1, ¶¶ 8-9.)  Plaintiffs used $200,000 of the

27  loan money to purchase the lot and the remaining $542,450 for construction.  (Doc. 1, ¶ 11.)

28  Plaintiffs hired Sierra Custom Homes, Inc. (the "Contractor") to construct the residential home on

the property.  (Doc. 1, ¶ 10.)

Pursuant to the terms of the RCLA, the loan proceeds were to be deposited into an account held by Defendant and advanced to the Contractor when the Contractor reached various states of completed work. (Doc. 1, ¶ 12.) According to the RCLA, Plaintiffs were to supervise the Contractor and inform Defendant about the Contractor's need for monies.  (Doc. 1, ¶ 12.)

Paragraph 7 of the RCLA granted Defendant "Power-of Attorney" and allowed Defendant to make payments directly to the Contractor.  (Doc. 1, ¶ 13.)  Defendant hired an appraiser to evaluate and inspect the Contractor's work on the project and each of the Contractor's draw requests. (Doc. 1, ¶ 16.) The Contractor made fifteen total draw requests.  (Doc. 1, ¶ 17.)  Each draw request was paid by Defendant without Plaintiffs' authorization or approval.  (Doc. 1, ¶ 17.)  The Contractor failed to complete work for which it was paid by Defendant.  (Doc. 1, ¶ 18.)

On October 29, 2010, Defendant filed a motion to dismiss the complaint which was granted on March 15, 2011.  (Doc. 21.)  Plaintiffs were permitted leave to file an amended complaint within 30 days as to causes of action 14-16 (breach of contract), 20 (negligence), 21 (fraud), and 23 (negligent misrepresentation).

On April 14, 2011, Plaintiffs filed a First Amended Complaint ("FAC") which added a new party, Michael J. Carter; restated claims for fraud, negligent misrepresentation, and declaratory relief; and added new claims for violation of California Business and Professions Code section 17200, civil conspiracy, conversion, accounting, intentional infliction of emotional distress, and breach of a written contract.

Defendant objected to the adding of new claims and a new party in Plaintiffs' FAC as impermissible in light of the Court's order on Defendant's motion to dismiss (*See* Doc. 28, 4:3-15; Doc. 32, 1:8 n.1).[1]  The parties agreed by stipulation that Plaintiff would dismiss newly added defendant Michael J. Carter and the causes of action for violations of section 17200, civil conspiracy, conversion, declaratory relief, accounting, intentional infliction of emotional distress, and breach of a written contract – ostensibly so that Plaintiffs could seek permission from the Court for leave to

---

[1] In granting leave to amend, the Court's March 15, 2011, order did not expressly prohibit Plaintiffs from adding any new causes of action or any new parties.

1   file such an amended pleading in light of the fact that Defendant refused to stipulate to such an

2   amendment.  On May 12, 2011, the Court granted the parties' stipulation for dismissal of the new

3   claims asserted and the new defendant named in the FAC.  (Doc. 30.)

4       After stipulating to dismiss the portions of the FAC to which Defendant objected, Plaintiffs

5   filed a motion to amend the FAC on May 6, 2011, requesting permission to add Michael J. Carter

6   as a defendant and to plead causes of action for (1) fraud, (2) negligent misrepresentation, (3)

7   violation of section 17200 of the California Business and Professions Code, (4) civil conspiracy, (5)

8   conversion, (6) accounting, (7) intentional infliction of emotional distress, and (8) breach of contract.

9       On May 9, 2011, Defendant filed a motion to dismiss the FAC, asserting that Plaintiffs failed

10  to plead their fraud and negligent misrepresentation claims with the requisite specificity or allege

11  justifiable reliance.  (Doc. 28.)

## II.   DISCUSSION

12

13  **A.   Legal Standard**

14      Federal Rule of Civil Procedure 15 provides that a party may amend its pleading only by

15  leave of court or by written consent of the adverse party and that leave shall be freely given when

16  justice so requires.  Fed. R. Civ. P. 15(a)(1)-(2).  The Ninth Circuit has instructed that the policy

17  favoring amendments "is to be applied with extreme liberality."  *Morongo Band of Mission Indians*

18  *v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

19      The factors commonly considered to determine the propriety of a motion for leave to amend

20  are: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, and (4) futility of amendment.

21  *Foman v. Davis*, 371 U.S. 178, 182 (1962).  The Ninth Circuit has held that it is the consideration

22  of prejudice to the opposing party that carries the greatest weight.  *Eminence Capital, LLC v. Aspeon,*

23  *Inc.*, 316 F.3d 1048, 1052 (9th Cir. 2003).  Absent prejudice, or a strong showing of any of the

24  remaining *Foman* factors, a presumption in favor of granting leave to amend exists under Rule 15(a).

25  *Id.*  Further, undue delay alone is insufficient to justify denial of a motion to amend.  *Bowles v.*

26  *Reade*, 198 F.3d 752, 758 (9th Cir. 1999).  Finally, "liberality in granting leave to amend is not

27  dependent on whether the amendment will add causes of action or parties."  *DCD Programs, Ltd.*

28  *v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). *Contra Union Pac. R.R. Co. v. Nev. Power Co.*,

950 F.2d 1429, 1432 (9th Cir. 1991) ("Amendments seeking to add claims are to be granted more freely than amendments adding parties.").[2]

**B.    Analysis**

Plaintiffs assert that attorney Elizabeth Mello, employed by law firm Webb & Walton, LLP, filed the initial complaint on their behalf.  After Ms. Mello left Webb & Walton, LLP, the case was transferred to attorney Amy R. Lovegren-Tipton with Webb & Walton, LLP.  Plaintiffs' current counsel asserts that, after the Court's order dismissing the complaint, she had numerous office meetings, telephone conversations, and written exchanges with Plaintiffs at which time it was discovered that additional claims that were not previously pled against Sun Trust and Michael J. Carter "needed to be added."  (Doc. 27-1, 3:22-4:2.)

Defendant argues that Plaintiffs were aware of all the pertinent facts at the time they filed their original complaint and simply failed to allege the facts or failed to recognize the purported significance of those facts.  (Doc. 32, 1:10-16.)  Defendant contends that this Court should deny the motion as this is tactical gamesmanship on the part of Plaintiffs, and Defendant will be forced to incur additional fees and costs if Plaintiffs are allowed to amend their complaint.

**1.    Prejudice to Defendant**

As consideration of prejudice to the opposing party carries the greatest weight, the Court considers this factor first. *Eminence Capital, LLC*, 316 F.3d at 1052.  Prejudice has been found where "[t]he parties have engaged in voluminous and protracted discovery" and where "[e]xpense, delay, and wear and tear on individuals and companies" is shown.  *See Texaco, Inc. v. Ponsoldt*, 939 F.2d 794, 799 (9th Cir. 1991).  Defendant asserts that it will be forced to incur additional fees and costs if Plaintiffs are allowed to amend.  (Doc. 32, 1:21-23.)

Plaintiffs respond that most of the additional expense that Defendant may incur is the result of Defendant's failure to stipulate to the Second Amended Complaint ("SAC").  Plaintiffs also assert that any financial prejudice to Defendant as a result of the motions filed is outweighed by Plaintiffs'

[2] No scheduling order has been issued in this case; thus, Federal Rule of Civil Procedure 16(b) is not applicable to Plaintiffs' motion to amend the pleadings. *See Jackson v. Laureate, Inc.*, 186 F.R.D. 605, 607 (E.D. Cal. 1999) ("As the Ninth Circuit explained in [*Johnson*], once the district court has filed a pretrial scheduling order pursuant to Rule 16 which establishes a timetable for amending pleadings, a motion seeking to amend pleadings is governed first by Rule 16(b), and only secondarily by Rule 15(a).").

4

1   right to have all of their claims heard by the Court.  (Doc. 33, 3:12-27.)

2          Defendant's claim of prejudice is of a general nature; it points to increased expenses,

3   including court filings – particularly that it will be required to file another motion to dismiss if

4   amendment is allowed.  This general claim of prejudice fails to establish that Plaintiffs' proposed

5   amendment would cause such a delay in the proceedings or such additional expense as to prejudice

6   Defendant.  *Genentech, Inc. v. Abbott Labs.*, 127 F.R.D. 529, 530-31 (N.D. Cal. 1989) (nonmoving

7   party bears burden of demonstrating why leave to amend should not be granted).  This is especially

8   so because no scheduling order has issued, and discovery has not yet opened; it is particularly early

9   in the proceedings.  *DCD Programs*, 833 F.2d 183, 187-88 (finding amendment not prejudicial

10  where discovery commenced but was not yet closed, and no trial date was pending).

11          **2.      Bad Faith in Seeking Amendment**

12          Defendant asserts that Plaintiffs' motion to amend is made in bad faith because: "Plaintiffs

13  and their counsel have tried to 'game the system' by pleading their case in piecemeal fashion.  When

14  their original claims against Defendant were dismissed by the Court, they tried another set of claims

15  against Defendant and the new defendant [Michael J. Carter]."  (Doc. 32, 1:17-19.)  Plaintiffs'

16  counsel asserts that she recently took over the case and had numerous meetings with her clients

17  during which she discovered claims that had not previously been stated.  (Doc. 27-1, 3:22-27.)

18  Plaintiffs do not assert that the proposed new claims are based on newly discovered facts or that

19  Michael J. Carter's role in the dispute was previously unknown to Plaintiffs; rather, claims that could

20  have been pled initially were left out of the original complaint – ultimately as an oversight of

21  Plaintiffs' original counsel.

22          Even assuming the basis for Plaintiffs' amendment was known at the time of the initial

23  complaint, that is not, by itself, objective evidence of bad faith or tactical gamesmanship.  In *Acri*

24  *v. Int'l Ass'n of Machinists & Aerospace Workers*, 781 F.2d 1393, 1398 (9th Cir. 1986), amendment

25  was disallowed where the plaintiffs' counsel admitted that the delay in attempting to state the claim

26  at issue was a tactical choice, the district court found that the plaintiffs' motion to amend was brought

27  specifically to avoid the possibility of an adverse summary judgment ruling, and amendment required

28  that discovery would have to be reopened.

1    In contrast, here, Plaintiffs have offered a plausible – albeit less than compelling –

2    explanation why these claims and Michael J. Carter were not included in the original complaint.

3    Moreover, there is no pattern of conduct in the record to support a finding that the attempt at

4    amendment is merely a pretext to avoid prejudicial dismissal.[3]  At this juncture, the Court finds no

5    evidence that Plaintiffs are seeking to amend their complaint in bad faith.  Thus, this factor does not

6    weigh against amendment.  *See DCD Programs, Ltd.*, 833 F.2d at 187 ("Since there is no evidence

7    in the record which would indicate a wrongful motive, there is no cause to uphold the denial of leave

8    to amend on the basis of bad faith.").

9         **3.     Undue Delay in Seeking Amendment**

10   It is essentially undisputed that Plaintiffs are not seeking to amend based on newly discovered

11   evidence.  Rather, Plaintiffs desire to assert new claims and add a new defendant based on the same

12   underlying facts as in the original complaint.  Plaintiffs' counsel states she became aware of the

13   availability of these new causes of action once she was assigned to the case and she was in a position

14   to speak with Plaintiffs and review related documents.  Defendant asserts that Plaintiffs should not

15   be permitted to amend because there are no newly discovered facts; instead, the entire factual

16   predicate for the new claims proposed has been known to Plaintiffs since the inception of the

17   litigation – the proposed claims arising out of those facts were just belatedly realized by Plaintiffs'

18   counsel.  *See Kaplan v. Rose*, 49 F.3d 1363, 1370 (9th Cir. 1994) (giving greater weight to undue-

19   delay factor where facts and theories sought to be added were known to moving party early in the

20   litigation).

21   While undue delay is a factor for denying leave to amend, "[u]ndue delay by itself is

22   insufficient to justify denying a motion to amend." *Bowles*, 198 F.3d at 757-58 (9th Cir. 1999).

23   Defendant is correct that it appears all of the operative facts were known to Plaintiffs at the time they

24   filed their original complaint – they could have included these new causes of action and named

25   Michael Carter as a defendant, but failed to do so.  Ultimately, Plaintiffs' reasons for failing to assert

26   these claims and name Defendant Michael J. Carter in the original complaint are less than

27

28       [3] The Court notes that any repeated attempt to amend on these grounds – even at this early stage – would be
     viewed with disfavor and may support a bad-faith finding.

6

compelling.

Although leave to amend may be denied where the factual predicate underlying the amendment was known or should have been known at the time the original complaint was filed, this factor is generally coupled with other *Foman* factors that, in combination, overcome the strong presumption in favor of allowing amendment. *See McNally v. Eye Dog Foundation for the Blind, Inc.*, No. 1:09-cv-01184-AWI-SKO, 2010 WL 4723073 (E.D. Cal. Nov. 15, 2010); *See also Stein v. United Artists Corp*., 691 F.2d 885, 889 (9th Cir. 1982) (district court's refusal to allow amendment affirmed where motion to amend was late, not based on new facts, and futile). In *McNally*, the requested amendment was not based on newly discovered facts, the request for amendment came after a schedule had long been in place, the deadline for amendment had passed, the litigation had progressed such that discovery was nearly closed, a summary judgment motion had already been filed, and the trial date was approximately three months away. In *Stein*, the proposed amended complaint was submitted with a motion for reconsideration after the trial court had already granted dismissal motions, it was based on new theories, not new facts, and, even considering the amended pleading, the plaintiff lacked standing and the amendment was futile. *Stein*, 691 F.2d at 898. Any delay in this case is not coupled with other *Foman* factors such that amendment should be disallowed – particularly in light of the presumption in favor of amendment.

### 4.     Futility of Amendment

Leave to amend may be denied if the proposed amendment is futile or subject to dismissal. *Saul v. United States*, 928 F.2d 829, 843 (9th Cir. 1991). Defendant does not state how Plaintiffs' proposed amended complaint is futile; therefore, this factor does not weigh against permitting amendment.

### III.   CONCLUSION

Defendant has not established how, at this stage of the proceedings, it will be prejudiced if Plaintiffs are allowed to amend. Further, there is no objective evidence in the record that Plaintiffs amendment is sought in bad faith, and Defendant has not established how the proposed amendment is futile. Although the facts underlying the amendment were known or should have been known at the time of the initial complaint was filed, this factor alone is insufficient grounds to deny

amendment.

Accordingly, the Court HEREBY ORDERS THAT:

1.     Plaintiffs' motion to amend their complaint is GRANTED;

2.     Plaintiffs shall file their proposed amended complaint within two (2) days from the date of this order; and

3.     Defendant shall have 21 days from the date Plaintiffs file their Second Amended Complaint to file a responsive pleading.

IT IS SO ORDERED.

**Dated:     June 14, 2011**                                    /s/ **Sheila K. Oberto**
                                                    UNITED STATES MAGISTRATE JUDGE